## 27810. WILEY v. HUDGINS.

UNDERCOFLER, Justice. This suit contests the probate of a will. The issue is testamentary capacity. The trial court granted a motion for summary judgment in favor of the propounder and ordered the will admitted to probate. The caveators appeal. *Held:*

We have thoroughly reviewed the evidence in this case and agree with the trial court that there are no issues of material fact. The testatrix was 86 years of age, afflicted with heart disease for which she was taking medicine. However, the evidence is clear that she was competent. She discussed by telephone the preparation of her will with her attorney the week prior to its execution. A date was set for its execution the following week at her home. The attorney requested that she arrange for two neighbors to be available as witnesses. After the will was prepared the attorney reconfirmed its provisions with the testatrix by telephone. Thereafter the attorney took it to the testatrix' home. She met him at the door, invited him in, the will was read to her, she was satisfied with the provisions, called in the two neighbors whom she had previously requested to act as witnesses, and the will was executed. There is no evidence that she was not competent. On the contrary the evidence shows that she was mentally alert at this time. The will was executed on July 27, 1971. The testatrix died on January 12, 1972. The testatrix had been hospitalized from June 17, 1971 to June 25, 1971 for chronic congestive heart failure. After her release from the hospital her physician saw her on two occasions, July 2 and 16, 1971. His testimony generally was that the testatrix' ailment and the medication given to her could cause some disorientation. 1 Redfearn, Wills and Administration in Georgia (3d Ed.), p. 73, § 38.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1973 — DECIDED
APRIL 16, 1973.

*Zachary & Segraves, J. Ed Segraves,* for appellant.
*Carl T. Hudgins,* for appellee.